940 F.2d 1539
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert REVELS, Jr., Defendant-Appellant.
 No. 90-3353.
 United States Court of Appeals, Tenth Circuit.
 Aug. 16, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 Robert Revels, Jr., appeals his sentence of 60 months imprisonment, imposed following Revels plea of guilty to one count of passing an altered federal reserve note in violation of 18 U.S.C. 472 and 18 U.S.C. Sec. 2. The Guideline sentence for the offense was 12 to 18 months.
 
 
 2
 The district court, after noting that Revels' criminal history score was at the highest possible level, outlined a number of significant factors justifying an upward departure from the Guidelines. The court then departed upward by at least 42 months. On appeal, Revels acknowledges that a "departure from the Guidelines was not unwarranted." Brief for Appellant at 10. However, he contends that the degree of departure was unreasonable.
 
 
 3
 In our opinion in United States v. Kalady, --- F.2d ----, slip op. no. 90-8087 (10th Cir. Aug. 15, 1991), just issued, we address a challenge to the degree of an upward departure. In Kalady we state that an explanation given by the sentencing judge with respect to the justification for departing upward is insufficient, without more, to explain how the court selected the degree of departure. We also give some, admittedly, rather general guidance as to what reasons will justify a departure of particular dimensions.
 
 
 4
 Our holding in Kalady applies to this case. Although the district court did an admirable job in justifying the need for a departure--so much so that Revels acknowledges the justification for some departure--there is nothing in the record which will permit us to review the reasonableness of the degree of departure. This is particularly so when we attempt to analogize the degree of departure to increments contained within the Guidelines themselves. Accordingly, as in Kalady, we REMAND this case to the district court with instructions to cause an amended presentence report to be prepared addressing the question of a proposed degree of departure, with a copy to Revels' counsel, and to conduct a new sentencing hearing, and then to vacate the sentence and resentence Mr. Revels in a manner consistent with this opinion.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3